LEATHER'S BEST, PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 84–4–00504–S

OPINION

(Decided May 1, 1986)

*Mandel & Grunfeld (Steven P. Florsheim)* for plaintiff.
*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, and *Barbara M. Epstein,* Civil Division, United States Department of Justice, for defendant.

RESTANI, *Judge:* Plaintiff Leather's Best challenges the determination of the United States Customs Service (Customs) that merchandise imported by plaintiff in 1982 should be classified under item 121.61 of the Tariff Schedules of the United States (TSUS), as other

[17] *Id.* at 9.
[18] Certainly, his acceptance of opposing counsel's representation as to page numbers [*see* RD F at 25] is of no moment, especially in view of EC 7–14 of the Lawyer's Code of Professional Responsibility to the effect that a government lawyer in an administrative proceeding has the responsibility to develop a full and fair record.

finished leather, not fancy. Plaintiff claims the merchandise is properly classified under TSUS item 121.65, as other finished leather, fancy. As such, plaintiff claims the merchandise is entitled to duty-free treatment for purposes of the Generalized System of Preferences (GSP). 19 U.S.C. §§ 2461–2465 (1982); TSUS General Headnote 3(c). Currently before the court is defendant's motion for partial summary judgment, in which defendant seeks dismissal of plaintiff's claim under the GSP. CIT Rule 56. Defendant contends that plaintiff has failed to fulfill one of the conditions precedent to obtaining GSP treatment, and that, as a result, the court should dismiss the claim.

Customs will only consider a claim for an exemption from duty on the ground that the GSP applies if six conditions, specified in the regulations, are met. 19 C.F.R. § 10.172 (1982). One of these requirements is evidence of the country of origin, or the waiver of Customs thereof. *Id.* § 10.173. In a case involving merchandise valued in excess of $250, the importer or consignee of the shipment is generally required to file a Certification of Origin Form A (Form A) at the time of entry.[1] *Id.* § 10.173(a)(1). The Form A "shall be signed by the exporter of the merchandise in the country from which it is directly imported, certified by the designated governmental authority in that country, and properly completed." *Id.* Alternatively, Customs may waive the Form A requirement under certain circumstances. *Id.* § 10.173(a)(5). In its motion to amend its answer, however, defendant states that it "has determined that it is unwilling to waive the submission by plaintiff of the certificates of origin * * *." Motion to Amend Answer at 1 (Mar. 13, 1986).[2] Plaintiff was informed of this decision on February 10, 1986. Absent this waiver, plaintiff is required to produce a Form A as a prerequisite to GSP duty-free treatment. 19 C.F.R. § 10.172. *See also Audiovox Corp.* v. *United States,* 8 CIT 233 598 F. Supp. 387, 389 (1984) (filing of Form A as a "condition precedent" to GSP treatment), *aff'd,* 764 F.2d 848 (Fed. Cir. 1985); *Harwood Manufacturing Co.* v. *United States,* 7 CIT 288, Slip Op. 84–57 at 8 (May 30, 1984) (same), *modified,* 8 CIT 173, Slip Op. 84–104 at 3 (Sept. 19, 1984) (same); *House of Ideas, Inc.* v. *United States,* 2 CIT 68, 72 (1981) (same).

It is uncontested that in this case no Forms A have been submitted. Collective Exhibit A. As defendant has noted, generally a Form A must be filed "in connection with the entry." 19 C.F.R. § 10.173(a)(1). Defendant, however, overstates the consequences of a failure to file in a timely manner when it further claims that plaintiff's failure to file Forms A as of this point in the proceedings prohibits it from raising the GSP claim. Both parties cite the regulation regarding late filing of free entry documents. 19 C.F.R. § 10.112

---

[1] The parties are apparently in accord that the subject merchandise is valued in excess of $250.

[2] The court notes that the decision of Customs to waive the production of a Form A should be positive when the appropriate district director "is otherwise satisfied that the merchandise qualifies for duty-free entry under the Generalized System of Preferences." 19 C.F.R. § 10.173(a)(5). The court interprets Customs' use of the word "unwilling" as an inability on the part of the district director to be so satisfied, rather than as a refusal to be so satisfied. The latter would be contrary to the spirit and letter of the regulatory scheme.

(1982). This provision allows a party to file a Form A "before * * * liquidation becomes final," provided that "failure to file it was not due to willful negligence or fraudulent intent." *Id.*

Plaintiff correctly notes in its response that inasmuch as the liquidation in this case will not become final until after the court renders its judgment, plaintiff is not foreclosed from attempting to submit the forms until that time. In the past, this court has allowed submission of Forms A as late as the time of trial. *Harwood Manufacturing, supra.* Plaintiff's ability to submit the forms at such a late date will, of course, be limited by its ability to demonstrate that the failure to file them previously was not due to willful negligence or fraudulent intent. *Harwood Manufacturing,* 8 CIT at 174, Slip Op. 84–104 at 4; *see Mattel, Inc.* v. *United States,* 67 CCPA 74, 76 624 F.2d 1076, 1078 (1980); *Gren Giant Co.,* v. *United States,* 79 Cust. Ct. 61, 70, C.D. 4715 (1977). Plaintiff contends that it is currently attempting to acquire the Forms A from Argentina, the country of origin, and has submitted an affidavit and exhibits to support this claim.

The court concurs with plaintiff's position that defendant's motion to dismiss the GSP claim for failure to submit the requisite Forms A is premature at this stage in the proceedings. Under 19 C.F.R. § 10.112, plaintiff may file the Forms A at any time before the liquidations are final unless it has acted in an inexcusably dilatory manner. Furthermore, plaintiff's supporting affidavit indicates that whether the failure to file at the time of entry was due to willful negligence or fraudulent intent is an unresolved question of fact.[3] As such, it cannot be decided against plaintiff in a motion for summary judgment. So ORDERED.

---

[3] *Inter alia,* plaintiff alleges that it relied on Customs' waiver of the Form A requirement in similar situations.