**WALLY PACKAGING, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 82–5–00773.**

United States Court of
International Trade.

Jan. 31, 1984.

Leo Salzman, Brooklyn, N.Y., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Joseph I. Liebman, New York City, Attorney in Charge, and Deborah E. Rand, Washington, D.C., for defendant.

*Opinion and Order*

RESTANI, Judge:

In this action, plaintiff seeks to overturn a Customs Service determination that plaintiff's shipment of polyethylene bags is not entitled to duty free entry under the Generalized System of Preferences. Defendant now moves to dismiss the action for want of subject matter jurisdiction. Defendant contends that plaintiff's summons is untimely.

The parties have submitted briefs and exhibits of record on the issue of jurisdiction. From the material submitted, the court finds the relevant facts to be as follows:

November 28, 1980—Plaintiff's shipment was liquidated, and the Customs Service assessed $2,393.69 duty. Complaint at ¶ 5.

January 22, 1981—Plaintiff's agent filed a timely protest of the assessment. Protest No. 1001-1-000707. Pl. Ex. A. April 10, 1981—The Customs Service denied

the protest. The form denying the protest indicated that plaintiff had 180 days from the denial of the protest to seek judicial review in the Court of International Trade. Pl. Ex. A.

May 6, 1981—Plaintiff's agent requested reliquidation based on the advice of Mr. Preston, a customs examiner. Pl. Ex. B.[1]

July 27, 1981—The Customs Service denied plaintiff's request for reliquidation in a letter that again indicated the availability of judicial review. Def. Ex. A.

November 25, 1981—Plaintiff's agent again requested reliquidation. Pl. Ex. C.

March 30, 1982—The Customs Service again denied plaintiff's request for reliquidation. Pl. Ex. D.

May 27, 1982—Plaintiff filed a summons with the Court of International Trade.

■ Plaintiff's complaint asserts that this Court has jurisdiction under 28 U.S.C. § 1581(a) (Supp. V 1981).[2] However, plaintiff's complaint and exhibits establish that its initial protest was denied on April 10, 1981, and its summons was not filed until May 27, 1982. Defendant contends that plaintiff's summons was untimely because it was filed more than 180 days after the April 10th protest denial. A civil action is untimely unless it is filed within 180 days after the notice of denial is mailed. 28 U.S.C. § 2636(a) (Supp. V 1981). Failure to file a timely summons deprives this Court of subject matter jurisdiction. *Border Brokerage, Inc. v. United States,* 72 Cust.Ct. 93, 372 F.Supp. 1389 (1974).

■ When the court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists. *McNutt v. General Motors Assist-*

*ance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Hambro Automotive Corp. v. United States,* 66 C.C.P.A. 113, 603 F.2d 850 (1979); *United States v. Biehl & Co.,* 3 C.I.T. 158, 539 F.Supp. 1218 (1982). To meet this burden plaintiff must demonstrate that it has filed a timely summons contesting a Customs Service decision that is subject to review in this Court. 28 U.S.C. §§ 1581(a), 2636(a).

Primarily, plaintiff contends that defendant should be equitably estopped from relying on the time limit for filing a summons. Plaintiff maintains that it waited so long to file its summons only because a customs examiner, Mr. Preston, advised plaintiff to seek reliquidation through administrative review. Plaintiff contends that Mr. Preston intended plaintiff to rely on his advice, and that plaintiff justifiably relied on Mr. Preston's advice.

The Court of Customs and Patent Appeals has held that equitable estoppel is not available against the government "in cases involving the collection or refund of duties on imports." *Air-Sea Brokers, Inc. v. United States,* 66 C.C.P.A. 64, 68, 596 F.2d 1008 (1979). *See also United States v. Bar Bea Truck Leasing Co., Inc., Bar-Mar Warehouse Co., Inc.,* 713 F.2d 1563 (Fed. Cir.1983); *United States v. Carl Ross,* —— C.I.T. ——, 574 F.Supp. 1067 (1983); *United States v. Goodman,* —— C.I.T. ——, 572 F.Supp. 1284 (1983).

■ It is unclear what circumstances could ever justify estopping the government.[3] In circuits where equitable estoppel of the government is applied, the government is estopped only in limited circum-

---

**1.** Defendant does not admit that plaintiff ever received advice on requesting reliquidation from Mr. Preston. For purposes of this motion, this conflict is resolved in favor of plaintiff.

**2.** 28 U.S.C. § 1581(a) reads in relevant part: The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest * *.

**3.** The Supreme Court has indicated that estoppel is not available against the government. *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380,

68 S.Ct. 1, 92 L.Ed. 10 (1947); *Utah Power & Light Co. v. United States,* 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917). Subsequent decisions in various circuits have suggested that estoppel might be available in some cases. In *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981), *reh. denied,* 451 U.S. 1032, 101 S.Ct. 3023, 69 L.Ed.2d 401 (1981), the Supreme Court again found equitable estoppel was not available *vis-à-vis* the government, but the Court did not preclude the possibility of its application in another case.

stances and only where it is acting in a proprietary rather than a sovereign capacity. See *e.g. Manloading & Management Assoc., Inc. v. United States*, 198 Ct.Cl. 628, 461 F.2d 1299 (1972); and *United States v. Georgia Pacific*, 421 F.2d 92 (9th Cir.1970). The government acts in a sovereign capacity when it carries out unique government functions for the benefit of the public. *United States v. Georgia Pacific, supra.* This includes the collection and refund of customs duties. *Air-Sea Brokers, Inc. v. United States, supra* 66 C.C. P.A. at 67, 596 F.2d 1008. Therefore, plaintiff cannot rely on equitable estoppel as a basis for avoiding the time limits for filing a civil action before this court.

On the other hand, in *Farrell Lines, Inc. v. United States*, 69 C.C.P.A. ——, 657 F.2d 1214 (1981), *reh. denied*, —— C.C.P.A. ——, 667 F.2d 1017 (1982), the Court of Customs and Patent Appeals held that the applicable statute of limitations was tolled in a case involving a protest of duties assessed on foreign repairs of a ship. In *Farrell*, the shipbuilder failed to file a timely protest because both the shipbuilder and the Customs Service were genuinely confused as to the proper procedures for administrative review. *Id.* at 657 F.2d 1217–1218. The court held that it had the power to toll the statute of limitations "under certain circumstances not inconsistent with the legislative purpose." *Id.* at 1219.

In any action against the government, the court must be careful to ascertain that tolling is consistent with Congress' intent. "Statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951); *Akeroyd v. United States*, 19 C.C.P.A. 249 (1931), *cert. denied*, 285 U.S. 550, 52 S.Ct. 406, 76 L.Ed. 941 (1932). In suits against the government, absent a specific tolling statute, courts have tolled applicable statutes of limitations where war deprived plaintiff of access to the courts, *Osbourne v. United States*, 164 F.2d 767 (2d Cir.1947) (statute tolled while plaintiff a prisoner of war); or where, in essence, administrative action de-

prived plaintiff of an opportunity to initiate litigation against the government, *Farrell Lines, Inc. v. United States, supra.* See also, *Northern Metal Co. v. United States*, 350 F.2d 833 (3d Cir.1965).

To determine whether the statute of limitations should be tolled here, the court must first determine whether the administrative procedures below effectively prevented plaintiff from filing a timely summons. *Farrell Lines, Inc. v. United States, supra; cf. Schering Corp. v. United States*, 67 C.C.P.A. 83, 86 n. 9, 626 F.2d 162 (1980). If so, then the court must determine whether it is "not inconsistent with the legislative purpose" of 28 U.S.C. § 2636 to permit tolling the time limits for filing a civil action. *Farrell Lines, Inc. v. United States, supra* 657 F.2d at 1219.

 Plaintiff contends that it did not file a timely civil action only because Mr. Preston advised it to seek reliquidation. But plaintiff also received two communications from the Customs Service indicating that plaintiff had 180 days from the denial of its protest to initiate litigation. Even assuming that plaintiff believed it could obtain relief through reliquidation, plaintiff had clear and unambiguous notice as to the proper procedures for filing a civil action to obtain judicial review. Plaintiff has not contended that any Customs official advised it that a civil action was not available after its protest was denied. At most, plaintiff's evidence indicates that plaintiff had a choice of seeking reliquidation or filing a civil action. Plaintiff chose not to file a timely civil action, and is responsible for the consequences of that choice. Thus, the tolling principle of *Farrell* is not applicable.

 Plaintiff further contends that its letter of November 25, 1981 was a valid protest which, upon denial, provides a basis for jurisdiction in this court. This contention is without merit. This court only has jurisdiction under section 1581(a) to consider protests that conform to the requirements of 19 U.S.C. §§ 1514 and 1515

(1982).[4] Plaintiff's November 25th letter is not a valid protest under section 1514. The letter could not be a timely protest of the liquidation. The letter was not dispatched until nearly a year after liquidation. Section 1514(c)(2) requires all protests of liquidations to be filed within 90 days of notice of liquidation. Plaintiff contends that the letter is a protest of the Customs Service's denial of plaintiff's original protest. But section 1514 does not permit a party to protest the denial of a protest. As defendant notes, such a procedure would allow plaintiff to file an unending series of protests each protesting the previous protest denial.

Finally, plaintiff contends that its protest was not denied until March 30, 1982 or alternatively that its protest has never been properly denied. Both of these arguments are premised on the assumption that the Customs Service did not properly deny plaintiff's protest on April 10, 1981. But the April 10th response by the Customs Service satisfies all the formal requirements for a protest denial. 19 U.S.C. § 1515(a), 19 C.F.R. § 174.30 (1981). The response indicates that the protest was denied, states the reason for the denial, and informs plaintiff of its right to bring a civil action in this court.

Relying on dicta in *Colonna & Co. v. United States*, 75 Cust.Ct. 179, C.R.D. 75–4, 399 F.Supp. 1389 (1975),[5] plaintiff contends that the April 10th response was not a denial of its protest because the Customs Service construed plaintiff's protest as a request for reliquidation. But in this case the Customs Service stated "[t]he following action has been taken on this protest." Pl.Ex.A. The Customs Service clearly knew it had a protest before it. Also, the Customs Service included a notice that plaintiff could file a civil suit to protest the denial. This notice would make no sense if the Customs Service was responding to a request to reliquidate. The only means to obtain review of the denial of a request to reliquidate is through the protest procedure. This court does not have jurisdiction to consider a request to reliquidate except where protest procedures are followed and a civil action challenging denial of the protest is brought. 28 U.S.C. § 1581(a).[6]

The court finds that plaintiff's action is untimely, and the case is dismissed for want of subject matter jurisdiction.

---

**4.** 28 U.S.C. § 1581(a) gives the court jurisdiction over denials of protests under section 1515. Section 1515 limits protests to those filed in conformity with section 1514.

**5.** In *Colonna*, both the Customs Service and plaintiff treated plaintiff's initial request for administrative review as a request for reliquidation. Thus the court suggested that plaintiff's subsequent protest might be construed as a protest of a denial of a request for reliquidation. The court in *Colonna* eventually held that the action was premature on other grounds.

**6.** Plaintiff could have argued that its letter of May 6, 1981 was a request for reliquidation on the grounds of clerical error under 19 U.S.C. § 1520(c)(1). Under this theory plaintiff might have been able to protest a denial of a request for reliquidation. (*But see American Bosch, Div. of AmBac v. United States*, 82 Cust.Ct. 67 (1979) on the limit of one protest per entry). However, the Customs Service response of July 27, 1981 clearly denied any reliquidation under § 1520(c)(1). Plaintiff did not protest this denial within 90 days and so is barred from litigating the denial. 19 U.S.C. § 1514(a).