AUDIOVOX CORP., Plaintiff,

v.

The UNITED STATES, Defendant.

Court No. 82-5-00652.

United States Court of
International Trade.

Oct. 10, 1984.

Mandel & Grunfeld, New York City (Steven P. Florsheim and Robert B. Silverman, New York City), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch,

New York City, (Susan Handler-Menahem, New York City), for defendant.

*Memorandum Opinion and Order*

DiCARLO, Judge:

Plaintiff made sixty entries of FM Micro Converter Radios from June to December, 1978, and a further entry, No. 627164, in August, 1979. Before each entry GSP Certificates of Origin (Forms A) were executed by an appropriate certifying authority in the country of export, the Republic of China (Taiwan). The merchandise entered in 1978 was liquidated in January and April, 1979, at 10.4% *ad valorem* under item 685.-21, Tariff Schedules of the United States (TSUS), a classification under which GSP treatment was not available. Plaintiff filed timely protests of these liquidations, requesting reliquidation under item 685.29 at 6% *ad valorem* or item 688.40 at 5.5% *ad valorem*. Although merchandise imported from Taiwan and classifiable under item 685.29 was accorded duty-free treatment under the GSP, plaintiff failed to request duty-free treatment in its protests, and plaintiff did not file the previously executed Forms A.

Entry No. 627164 was liquidated in October, 1979. It also was liquidated by Customs under item 685.21 at 10.4% *ad valorem*. In its protest of the liquidation of entry No. 627164 plaintiff requested reliquidation free of duty under item 685.29 pursuant to the GSP and filed a Form A.

All of plaintiff's protests were granted, and on June 8, 1981 all the entries were reliquidated at 6% *ad valorem* under item 685.29, TSUS[1], except entry No. 627164, which was reliquidated under item 685.29 duty free pursuant to the GSP.

On August 24, 1981 plaintiff filed protests against all sixty-one reliquidations, requesting that the entries be liquidated for a third time, free of duty under item 685.29, TSUS, and the GSP. With these

[1]. On January 29, 1981, following trial in this Court, five other entries of the same merchandise by the same importer classified by Customs under item 685.21 were ordered reliquidated under item 685.29. *Audiovox Corp. v. United States*, 1 CIT 136 (1981) (Newman, J.). Plaintiff's protests of the liquidations of the entries at issue here were "suspended" by Customs pending decision in that case.

protests plaintiff filed the Forms A executed two and a half to three years earlier. These protests against the reliquidations were denied in November and December, 1981. Suit was timely filed in this Court on May 11, 1982. The United States now moves to dismiss the action.

Respecting entry No. 627164, the Government argues that since plaintiff was granted reliquidation free of duty as requested in its protest against the liquidation, there is no claim upon which relief can be granted. Plaintiff concedes that there is no case or controversy with respect to this entry, and that the case should be dismissed with respect to this entry. It is so ordered.

The Government contends that the Court is without jurisdiction to review the denial of plaintiff's protests concerning the reliquidations of the sixty 1978 entries at 6% *ad valorem* because 19 U.S.C. § 1514(d) [2] and 19 C.F.R. § 174.16 [3] prohibit the protest of a question outside the scope of a reliquidation and § 1514(c)(1) [4] prohibits the filing of more than one protest for each category of merchandise. *F.W. Woolworth Co. v. United States*, 26 CCPA 157, C.A.D. 10 (1938); Dover Shipping Co., Ltd. v. *United States*, 4 Cust.Ct. 135, C.D. 306 (1940); *Pistorino & Co., Inc. v. United States*, 71 Cust.Ct. 166, C.D. 4491 (1973);

*Ataka America, Inc. v. United States*, 79 Cust.Ct. 135 C.D. 4724 (1977).

Plaintiff's contentions are (1) that it did request GSP treatment in its protests of the liquidations, that Customs did not grant the requests, and that plaintiff now protests only the refusal of Customs to grant it duty-free treatment on reliquidation, and (2) that it was unnecessary to request GSP treatment when plaintiff filed its original protests, and plaintiff could validly request GSP treatment within ninety days of the reliquidation.[5]

Plaintiff strains to find language in its original protests concerning the sixty 1978 entries indicating an intent to request for GSP treatment. In seeking relief under items 685.29 and 688.40, plaintiff asserts that it sought all appropriate relief, including GSP treatment, should the merchandise be classified under item 685.29. Thus, plaintiff notes that its protests of the liquidations stated, in relevant part, that it protested Customs "... decision, liquidation and *assessment of duties* charged at 10.4% under TSUS item 685.21 ... [A]s to the classification and *rate and amount of duties*, it is claimed that the proper Classification is under TSUS item 685.29 at the rate of 6% or 688.40 at the rate of 5.5% [Emphasis added]" (Plaintiff's Memorandum at 3).

---

2. 19 U.S.C. § 1514(d) provides: "The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the customs officer upon any question not involved in such reliquidation."

3. Similarly, 19 C.F.R. § 174.16 states: "A protest shall not be filed against the decision of the district director or reliquidation upon any question not involved in the reliquidation."

4. Section 1514(c)(1) states, in part: "Only one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate rate protest may be filed for each category."

5. The Court notes that on a motion to dismiss, the allegations of the complaint must be accepted as true and the motion must be denied if the pleadings raise any issue of fact against the moving party. "It must appear to a certainty that the opposing party is entitled to no relief under a state of facts that could be approved in support of its claim or allegations." *C.J. Tower*

& Sons v. United States, 68 Cust.Ct. 377, 379, C.R.D. 72–11 (1972); *See Hishon v. King & Spaulding* —— U.S. ——, 104 S.Ct. 2229, 81 L.Ed.2d 59, (1984); *Suwannee Steamship Co., v. United States*, 79 Cust.Ct. 19, 21 C.D. 4708, 435 F.Supp. 389, 390 (1977).

The administrative record before the Court consists of 61 packets of documents transmitted by Customs pursuant to 28 U.S.C. § 2635(a)(1). Certificates of Origin (Forms A) and the protests of the liquidations, distinct from the protests at issue here, for each entry are included in these packets. Though the Forms A and protests of the liquidations are not within the § 2635(a)(1) list of documents, § 2635(a)(1) is not exclusive and where documents are "of the same character as those ennumerated there," *American Motorists Insurance Co. v. United States*, 5 CIT ——, Slip Op. 83–8 (February 1, 1983), the Court will consider them part of the official record of the administrative determination. *American Motorists Insurance Co., supra.*

But, none of these protests can be fairly read to claim duty-free treatment.[6] Plaintiff explicitly requested reliquidation at either 6% or 5.5% *ad valorem.* Where GSP treatment was expressly requested, in the protest of the liquidation in entry No. 627164, it was granted. That plaintiff did not intend to request duty-free treatment pursuant to the GSP in his protests of the liquidations is further demonstrated by his failure to file Forms A until after the reliquidations. The Forms A must be filed to support an importer's claim for GSP treatment, 19 C.F.R. § 10.173, and a GSP claim may be allowed only if the district director is satisfied that this requirement has been fulfilled. 19 C.F.R. § 10.172. The district director thus *could not* have granted plaintiff GSP treatment under plaintiff's original protests as plaintiff failed to satisfy a condition precedent to such treatment.

Plaintiff's reliance on *Sanyo Electric, Inc. v. United States,* 81 Cust.Ct. 114, 115, C.D. 4775 (1978) is misplaced. Consistent with 19 U.S.C. § 1514(c)(1), *Sanyo* holds merely that where alternative claims are made in a protest and one of the claims is granted, jurisdiction will not lie in this Court as the protest is not "denied" within the meaning of 28 U.S.C. § 1582(a) (superceded by the current 28 U.S.C. § 1581(a) November 1, 1980).

Dicta in that case, counseling the importer to raise the alternative claim by filing a new protest, does not support plaintiff's position here as plaintiff made no claim for GSP treatment in its original protests. To allow an importer to raise a claim in the protest of a reliquidation not raised in the protest to the liquidation, and which could have been raised there, would drain 19 U.S.C. §§ 1514(c)(1) and (d) of all meaning. The number of possible protests of a single entry would be limited only by the importer's imagination; an endless series of "reliquidations" could result.

Plaintiff's second argument is that it could validly request duty-free treatment under the GSP in its protests of the reliquidations, and cites 19 C.F.R. § 10.112, which provides, in pertinent part, that the appropriate duty-free document "may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final."

But the requirements of 19 U.S.C. § 1514 are conditions precedent for jurisdiction in this Court under 28 U.S.C. § 1581(a), *Lowa, Ltd. v. United States,* 724 F.2d 121, (Fed. Cir.1984) ("The judgment appealed from is affirmed on the basis of the opinion filed by the CIT. *Lowa, Ltd. v. United States,* 561 F.Supp. 441 (C.I.T.1983)"); *Wally Packaging Inc. v. United States,* 7 CIT ——, 578 F.Supp. 1408, 1411–12 (1984), and the Court may not construe 19 C.F.R. § 10.112 to increase its jurisdiction[7], *Ata-*

---

**6.** 19 U.S.C. § 1514(c) requires that protests "shall ... set forth distinctly and specifically ... the nature of each objection and the reasons therefore." As the Supreme Court observed:

   ... the object of the requirement [that protests distinctly and specifically state objections] is to prevent a party, if he suffers the mistake or oversight to pass without notice, from taking advantage of it when it is too late to make the correction, and to compel him to disclose the grounds of his objection at the time when he makes his protest.

   ... Technical precision is not required; but, the objections must be so distinct and specific, as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated.

*Davis v. Arthur,* 96 U.S. 148, 151, 24 L.Ed. 758 (1878) as quoted in *American Mail Line, Ltd. v. United States,* 34 CCPA 1, 6, 4 C.A.D. 335 (1946); *See also United States v. Sheldon and Co.,* 5 CCPA 427 T.D. 34946 (1914).

The Court holds as a matter of law that plaintiff's protests of the liquidations cannot be "fairly construed" to have sufficiently and distinctly informed Customs that plaintiff sought duty-free treatment.

**7.** The Court finds no cases where 19 C.F.R. § 10.112 has been interpreted to allow an importer to receive duty-free treatment where it failed to timely request such treatment in its protest. *See Harwood Manufacturing Co. v. United States,* 7 CIT ——, Slip. Op. 84–57 (May 30, 1984) (plaintiff failed to present Forms A until trial but timely requested GSP treatment in its protest); *Mattel, Inc. v. United States,* 67 CCPA 74, C.A.D. 1248, 624 F.2d 1076 (1980); *Green Giant Co. v. United States,* 79 Cust.Ct. 61,

*ka America, Inc., supra.* As plaintiff failed to timely request duty-free treatment, the Court is without jurisdiction [8] under 28 U.S.C. § 1581(a). Since plaintiff did not act diligently to pursue and exhaust its administrative remedies under 19 U.S.C. § 1514, the Court will not exercise its subject matter jurisdiction under § 1581(i). *See United States v. Uniroyal, Inc.,* 69 CCPA 179, 182, 687 F.2d 467, 471 (1982) ("Congress did not intend the Court of International Trade to have jurisdiction over appeals concerning completed transactions when the appellant had failed to utilize an avenue for effective protest before the Customs Service"). Section 1581(i) may be invoked as a basis for subject matter jurisdiction when no other remedy is available under § 1581(a), or the remedy available is manifestly inadequate.

The action is dismissed. Judgment will be entered accordingly.

C.D. 4715 (1977); *F.W. Myers & Co., Inc. v. United States,* 70 Cust.Ct. 202, C.D. 4431, 360 F.Supp. 429, *appeal dismissed* 61 CCPA 121 (1973); *Freres, Inc. v. United States,* 47 Cust.Ct. 155, 159, C.D. 2296 (1961).

8. Were the Court to allow this second protest, 19 U.S.C. § 1514(c)(1) would be circumvented. This subsection provides that an amendment to a protest may only be made "prior to the expiration of the time in which such protest could have been filed," ninety days from the date of liquidation.