SEA–LAND SERVICE, INC., Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 85–07–00910.

United States Court of International Trade.

April 2, 1990.

**1060**

Ragan & Mason, Gerald A. Malia, Washington, D.C., and Michael F. Di Croce, Alexandria, Va., (Robert C. Zuckerman, of counsel), for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, New York City, and Barbara Epstein, for defendant.

## OPINION

TSOUCALAS, Judge:

This case is before the Court on defendant's motion to sever and dismiss seventy-three (73) entries for lack of jurisdiction.[1] Defendant claims that the entries in issue are not properly before the Court because the action was not commenced within 180 days after notice of denial of their protests was mailed to plaintiffs, as required by 19 U.S.C. § 1514(a) (1988) and 28 U.S.C. § 2636(a) (1982 and Supp. II 1984). Plaintiff counters that the notice of denial provided by Customs was not sufficient to start the statute of limitations running, and alternatively, if the statute did begin to run, the faulty notice tolled the statute until the error in the notice was cured.

### Background

Customs assessed duty on certain work done on plaintiff's ships upon the vessels' arrivals in the United States. Between 1981 and 1983, Sea–Land filed timely protests for the entries.[2] Customs denied those protests between 1982 and 1984. The Trade Agreements Act of 1979, Pub.L. 96–39, § 1001(b)(2) added an amendment to 19 U.S.C. § 1515(a) stating that notice of

---

1. Plaintiff and defendant agree that ten (10) entries in the original action are legitimately before the Court. They also agree that two (2) entries are dual protests and thus are subject to dismissal pursuant to 19 U.S.C. § 1514(c)(1). Further, they concur that two (2) entries should be dismissed because the protests were not timely filed, and that one should be dismissed because it was the subject of a separate civil ac-

tion. Accordingly, this action concerns the remaining entries.

2. Sea–Land did not file timely protests against two (2) of the entries and agrees that they should be dismissed from this action. See note 1, *supra.*

denial of any protest by the appropriate customs officer

> shall include a statement of the reasons for the denial, as well as a statement informing the protesting party of his right to file a civil action contesting the denial of a protest under section 1514 of this title.

19 U.S.C. § 1515(a) (1988). However, the notice of denial sent out by Customs did not include the statement informing the protesting party of its right to commence an action. Plaintiff also asserts that the statement of reasons was inadequate.

Sea–Land filed a summons contesting the denial of the protests with the Court of International Trade on July 2, 1985.[3] The Trade Agreements Act mandates that an action contesting the denial must be commenced within 180 days of the date when the notice of denial was mailed by Customs. 28 U.S.C. § 2636(a)(1). Plaintiff's summons regarding seventy three (73) of the entries was filed after this statute of limitations expired. Hence, Customs has brought this motion to sever and dismiss those entries from the main action.

### Discussion

It is a well established principle that the United States Government, as sovereign, is immune from suit except as it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Moreover, governmental consent to be sued is construed strictly. *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

Congress created such consent in 19 U.S.C. § 1514(a), which provides that Customs decisions regarding assessed duties are

final and conclusive ... unless a protest is filed ... or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title.

If a protest is filed, Customs must review that protest, then allow or deny it, within two years of the date of the protest.

If the protest is denied, Customs must mail out notice of denial to the party. Once the notice is mailed, the protesting party has 180 days within which to commence a civil action contesting the denial in this Court. 28 U.S.C. § 2636(a)(1). Plaintiff does not deny that it commenced its action more than 180 days after notice of denial of the protests was mailed by Customs. Rather, plaintiff argues that the notice did not operate to start the 180 day period running because the notice did not contain either notice of plaintiff's right to commence a civil action or "sufficient" reasons for denial. *Plaintiff's Opposition to Defendant's Motion to Sever and Dismiss at 4–6 ("Plaintiff's Opposition Brief").*

■ The reason provided by Customs for its denial of the protests was a reference to 19 C.F.R. § 174.21, a regulation which directs Customs to "act on a protest ... within 2 years from the date the protest was filed." 19 C.F.R. § 174.21(a) (1989). In essence, Customs' "reason" for denying the protests was that the two year period for review was expiring. It is circular reasoning to claim that this is a reason for denying a protest.

A reason is "an expression or statement offered as an explanation ... or as a justification of an act or procedure." *Webster's Third New International Dictionary* at 1891 (1986). 19 C.F.R. § 174.21(a) requires Customs to "act on" the protest, that is, either allow or deny it within two years pursuant to 19 U.S.C. § 1514. For Cus-

---

**3.** The entries at issue in this case were originally part of a test case on vessel construction. *Sea–Land Service, Inc. v. United States*, 12 CIT ——, 683 F.Supp. 1404 (1988). After the test case was decided, the United States Customs Service was given time to apply the legal standard enunciated in the test case to the contested entries, including those that are the subject of this action. Customs then moved to sever and dismiss seventy-three (73) entries.

toms to state as a reason for denying the protests that it had to either allow or deny them within two years is to circumscribe completely the congressional intent of the statute. Obviously, Customs had to "act on" the protests; that does not explain or justify why it chose to deny, rather than allow them. Hence, the notice of denial was incomplete in that it failed to state a reason for the denial.[4]

■ Sea–Land also claims the notice was invalid because it lacked a statement informing Sea–Land that it had a right to commence a civil action contesting the denial. Because of a misprint, certain of Customs' notices of denial failed to include notice of the right to commence a civil suit, in accordance with 19 U.S.C. § 1515(a) and 19 C.F.R. § 174.30(a) (1989). Plaintiff asserts that this failure is fatal error and, as a result, the notices of denial are invalid and the 180 day statute of limitations did not begin to run upon mailing. The gravamen of plaintiff's argument is that the statute *mandates* notice of the right to file a civil action and that failure to include it renders the entire notice of denial inoperative, requiring Customs to reassess the protests, starting the 180 day period anew.

Defendant counters that the statute is merely "directory" and its omission will not invalidate the entire notice. *Defendant's Motion to Sever and Dismiss* at 11. Defendant also asserts that plaintiff had actual notice of its right to bring suit, therefore was not prejudiced by the lack of the notice and should not succeed in defeating the motion to sever and dismiss.

The central issue is whether the notice of the right to sue is statutorily required and, if it is, what the consequences are if it is missing from the notice of denial. The

statute directs that Customs "shall" inform the protesting party of its right to commence a civil action. 19 U.S.C. § 1515(a). Defendant has cited cases indicating that, "[a]s against the government, the word 'shall,' when used in statutes, is to be construed as 'may,' unless a contrary intent is manifest." *Barnhart v. United States*, 5 CIT 201, 203, 563 F.Supp. 1387, 1389 (1983) (quoting *Railroad Co. v. Hecht*, 95 U.S. 168, 170, 24 L.Ed. 423 (1877)).[5] A contrary intent is indeed manifest from the legislative history to the section. The call for Customs to provide protesting parties with notice of their right to sue was added to the Tariff Act of 1930 when it was amended in 1979. The Senate Report on the Trade Agreements Act of 1979 states that, in order to conform United States law to Article 11.3 of the MTN Customs Valuation Agreement,

> Section 1001(b)(2) . . . would amend section 515(a) so as to *require* the Customs Service to include reasons in its notice of denial of a protest as well as a statement that the importer may file a civil action in the Customs Court to contest the denial.

S.Rep. 249, 96th Cong., 1st Sess. 254, *reprinted in* 1979 U.S.Code Cong. and Admin.News 381, 639–640 (emphasis added).

When the congressional intent is unclear, an argument may be made for construing "shall" to be permissive or directory. But in the present case, Congress could not have made its intent more clear; the provision is mandatory.[6] Customs does not have discretion to include or exclude either notice of the right to file a civil action or the reasons for the denial of a protest. As stated previously by this Court, both are "formal requirements for a protest denial."

---

**4.** Defendant is correct in stating that the Court should not look at the sufficiency of the reason provided by Customs. In ruling that the stated "reason" did not satisfy the statute, the Court holds that no reason was given, not that an insufficient one was. All Customs did was restate the law requiring it to act on a protest.

**5.** A plethora of cases also can be amassed to support the contention that "shall" indicates mandatory action. Whether the term indicates a mandatory or directory meaning depends on

both Congressional intent and the interests of justice.

**6.** Furthermore, the term "shall," when, as here, used in the same rule as "may" is to be interpreted as a "command." *Anderson v. Yungkau,* 329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947) (citing *Escoe v. Zerbst,* 295 U.S. 490, 493, 55 S.Ct. 818, 820, 79 L.Ed. 1566 (1935)); *cf. United States v. Rodgers,* 461 U.S. 677, 706, 103 S.Ct. 2132, 2149, 76 L.Ed.2d 236 (1983).

*Wally Packaging, Inc. v. United States,* 7 CIT 19, 23, 578 F.Supp. 1408, 1412 (1984). Hence, the notice of denial was incomplete.

■ The question then is, what are the consequences if mandatory provisions of the notice of denial are missing. While the statute orders Customs to include those statements in the notice, it does not indicate the consequences if Customs does not comply.[7] Plaintiff would have the Court vacate the denial and order Customs to re-assess the protests, then deny or allow them, after which plaintiff would have 180 days to bring suit in this Court.

There is no question that when a government agency acts "without observance of procedure required by law," courts have the power to set aside that action. *Woodrum v. Donovan,* 4 CIT 46, 52, 544 F.Supp. 202, 207 (1982) (citing Administrative Procedure Act § 706(2)(D), 5 U.S.C. § 706(2)(D) (1976)); *American Motorists Ins. Co. v. United States,* 5 CIT 33, 43, 1983 WL 4994 (1983). However, it is equally well settled that courts will not set aside agency action for procedural errors unless the errors "were prejudicial to the party seeking to have the action declared invalid." *Woodrum,* 4 CIT at 52, 544 F.Supp. at 207; *Katunich,* 8 CIT at 162, 594 F.Supp. at 749; *American Motorists,* 5 CIT at 43; *Timken v. Regan,* 4 CIT 174, 179, 552 F.Supp. 47, 52 (1982).[8]

In the present action, Customs issued a notice of denial of protests which Sea–Land seeks to have vacated because it lacked the two aforementioned provisions required by law.[9] For the Court to set aside the issuance of the notice of denial so as to grant plaintiff additional time within which to bring its complaint, the Court must find that Sea–Land was prejudiced by the absence of the required provisions. *Woodrum,* 4 CIT at 52, 544 F.Supp. at 207; *American Motorists,* 5 CIT at 43; *Timken,* 4 CIT at 179, 552 F.Supp. at 52.

Plaintiff has not pleaded any prejudice as a result of the missing provisions. *Plaintiff's Opposition Brief* at 9. Moreover, as defendant notes, Sea–Land did file a timely summons contesting several denials of its protests in the test case under which this case was suspended. *Defendant's Motion to Sever and Dismiss* at 17. Therefore, the Court holds that the absence of the provision notifying plaintiff of its right to file a civil suit contesting the notice of denial did not prejudice plaintiff. Plaintiff was well aware of its right to bring suit as evidenced by its prior timely actions contesting earlier notices of denial.

■ Furthermore, plaintiff does not claim that the absence of a reason for the denial contributed to its failure to file suit within 180 days of the issuance of the denial. The protests filed by Sea–Land indicate that it was aware of the dispute in the case, and of Customs' legal position on the matter. While that does not excuse

---

7. Defendant cites cases indicating that, where a statute directs the Government to take action but does not provide consequences for failure to comply, the statute's directive is merely discretionary. However, those cases are not germane to this action since they deal with statutory time limits on agency action, where strict enforcement of the statutory limits would yield harsh or absurd results, or where "important public rights are at stake." *Brock v. Pierce County,* 476 U.S. 253, 260, 106 S.Ct. 1834, 1839, 90 L.Ed.2d 248 (1986); *Canadian Fur Trappers Corp. v. United States,* 12 CIT ——, ——, 691 F.Supp. 364, 367 (1988), *aff'd,* 884 F.2d 563 (Fed.Cir. (T) 1989); *American Permac, Inc. v. United States,* 10 CIT 535, 539, 642 F.Supp. 1187, 1191 (1986); *Katunich v. Donovan,* 8 CIT 156, 161–62, 594 F.Supp. 744, 749 (1984). In those cases, the congressional intent would have been foiled had the statutory provisions been construed as mandatory since the plaintiffs' rights of action would have been eliminated. Here, as stated above, the congressional intent clearly was to require inclusion, in the notice, of the provisions in question.

8. Sea–Land contends that the errors committed by Customs were not procedural because "the *law* was changed to require the particular notice." *Plaintiff's Opposition Brief* at 4 (emphasis in original). Notice to a party is a procedural issue, whether statutorily mandated or not.

9. Plaintiff argues that it is not seeking to invalidate any action taken by Customs. *Plaintiff's Opposition Brief* at 9. The Court finds this position untenable. Customs issued a notice of denial, which Sea–Land here asks the Court to set aside because of inadequacy so that Sea–Land can have another opportunity to bring a civil suit. Plaintiff, therefore, is seeking to invalidate Customs' issuance of a notice of denial.

Customs' failure to provide a reason for the denial on the notice, it does provide support for the proposition that Sea–Land was not prejudiced by the absence of a reason for the denial. Also, as defendant points out, had Sea–Land been awaiting a reason for the denial prior to filing suit, it could have sought a reason from Customs through discovery. *Defendant's Motion to Sever and Dismiss* at 17. Therefore, the Court holds that plaintiff was not prejudiced by the absence of a reason from Customs' notice of denial. Since the Court finds that Customs' errors did not prejudice plaintiff, the notice of denial is upheld and the Court finds the statute of limitations began to run when Customs mailed the notice.

█ Plaintiff has further requested that if the statute of limitations is found to be a bar to this action, the Court should find that the faulty notice operated to toll it. *Plaintiff's Opposition Brief* at 7. In *Farrell Lines, Inc. v. United States*, 69 CCPA 1, 657 F.2d 1214 (1981), cited by plaintiff, the Court stated that a statute of limitations may be "tolled under certain circumstances not inconsistent with the legislative purpose" even where there is no tolling provision in the statute itself. *Id.* at 8, 657 F.2d at 1219 (citations omitted). There, the protesting party had relied on Customs officials for guidance, then when the period for filing expired, Customs sought a dismissal. *Id.* at 5, 657 F.2d at 1217. The Court stressed it was tolling the statute to avoid "elevat[ing] form over substance" in order to reach a just result. *Id.* at 6, 657 F.2d at 1218. In the present action, plaintiff did not delay filing its suit because of Customs' representations, nor were they unaware of their right to bring a civil ac-

tion. Therefore, the rationale of *Farrell* is inapplicable here.[10]

In suits against the government, a court must determine that tolling is clearly consistent with congressional intent. *Wally Packaging*, 7 CIT at 21, 578 F.Supp. at 1411. In *Wally Packaging*, where the Court sought to ascertain whether to toll the 180 day period in issue here, two determinations had to made before tolling could be allowed. First, the Court had to find that Customs' procedures "effectively prevented plaintiff from filing a timely summons." *Id.* at 22, 578 F.Supp. at 1411. Second, the Court had to establish whether tolling was consistent with the legislative purpose of 28 U.S.C. § 2636. *Id.* Since this Court has determined, *supra*, that Customs' incomplete notice did not cause plaintiff's failure to file suit, tolling is not available in this case.

### Conclusion

Accordingly, this Court holds that, while the provisions in 19 U.S.C. § 1515(a) are mandatory, plaintiff was not prejudiced by their exclusion and is not entitled to the drastic remedy of vacatur of Customs' notice of denial. Therefore, the mailing of that notice triggered the 180 day statute of limitations. Since plaintiff's summons was filed more than 180 days after notice was mailed, the action is barred. Consequently, defendant's motion to sever and dismiss is hereby granted regarding all the entries in this case except those ten (10) against which Customs agrees Sea–Land filed timely summonses (entry nos. 539406, 539190, 541472, 541418, 736384, 736534, 542102, 736475, 497629, and 420285).

### SCHEDULE OF ENTRIES

Port of Entry: Seattle, Washington

| Protest No. | Entry No. | Date of Liquidation | Protest Filed | Protest Denied | Summons Filed |
|---|---|---|---|---|---|
| 3001–1–000616 | 541663 | 11/13/81 | 12/8/81 | 6/29/84 | 7/2/85 |
| ** 3001–2–000046 | 539090 | 1/18/82 | 1/24/82 | 1/29/82 | " |
| 3001–2–000047 | 541662 | 12/18/81 | 1/24/82 | 6/29/84 | " |

**10.** Indeed, for this Court to toll the statute of limitations would, in fact, serve to elevate form over substance, in particular since no prejudice was shown.

| Protest No. | Entry No. | Date of Liquidation | Protest Filed | Protest Denied | Summons Filed |
|---|---|---|---|---|---|
| 3001-2-000184 | 539191 | 3/19/82 | 4/22/82 | 6/29/84 | 7/2/85 |
| 3001-2-000310 | 541395 | 6/11/82 | 7/2/82 | 7/9/84 | ″ |
| 3001-2-000311 | 736183 | 6/11/82 | 7/2/82 | 7/9/84 | ″ |
| 3001-2-000312 | 539926 | 5/14/82 | 7/2/82 | 7/9/84 | ″ |
| 3001-2-000313 | 541563 | 5/14/82 | 7/2/82 | 7/9/84 | ″ |
| 3001-2-000315 | 736872 | 5/14/82 | 7/2/82 | 7/9/84 | ″ |
| 3001-2-000322 | 541610 | 6/11/82 | 7/8/82 | 7/9/84 | ″ |
| 3001-2-000338 | 541908 | 6/11/82 | 7/23/82 | 10/2/84 | ″ |
| 3001-2-000379 | 541664 | 8/16/82 | 8/20/82 | 10/2/84 | ″ |
| 3001-2-000403 | 539405 | 8/20/82 | 9/7/82 | 10/2/84 | ″ |

Port of Entry: Los Angeles/Long Beach, California

| Protest No. | Entry No. | Liq. | Protest Filed | Protest Denied | Summons Filed |
|---|---|---|---|---|---|
| 2704-1-001841 | 354933 | 6/12/81 | 7/13/81 | 7/8/83 | 7/2/85 |
| 2704-1-001842 | 355072 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001843 | 355041 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001844 | 354840 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001845 | 355118 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001846 | 496417 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001847 | 354812 | 5/29/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001848 | 354647 | 6/5/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001849 | 355095 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001850 | 354753 | 6/5/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001851 | 496458 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001852 | 354460 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001853 | 233558 | 7/6/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001854 | 354955 | 6/5/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001855 | 354845 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001856 | 354914 | 6/12/81 | 7/13/81 | ·7/8/83 | ″ |
| 2704-1-001857 | 496441 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001858 | 355052 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001859 | 354927 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001860 | 199476 | 5/29/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001861 | 354761 | 5/29/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001862 | 354998 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001863 | 496480 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001864 | 354869 | 7/6/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001865 | 354668 | 6/5/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001866 | 354565 | 6/5/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001867 | 354592 | 5/29/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001868 | 354787 | 5/29/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001869 | 354683 | 5/29/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001870 | 355024 | 6/12/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001871 | 354473 | 6/5/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001872 | 354888 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-001873 | 355122 | 6/19/81 | 7/13/81 | 7/8/83 | ″ |
| 2704-1-002052 | 156956 | 5/15/81 | 7/29/81 | 7/29/83 | ″ |
| 2704-1-002471 | 496580 | 8/14/81 | 9/15/81 | 9/16/83 | ″ |
| 2704-1-002472 | 496656 | 8/14/81 | 9/15/81 | 9/16/83 | ″ |
| 2704-1-003142 | 496668 | 10/23/81 | 11/12/81 | 11/10/83 | ″ |
| 2704-1-003165 | 496674 | 10/23/81 | 11/19/81 | 12/31/81 | ″ |
| 2704-1-003166 | 496647 | 10/23/81 | 11/19/81 | 11/18/83 | ″ |
| 2704-1-003167 | 496563 | 10/23/81 | 11/19/81 | 11/18/83 | ″ |
| 2704-1-003168 | 496899 | 10/23/81 | 11/19/81 | 11/18/83 | ″ |
| ** 2704-1-003180 | 496674 | 10/23/81 | 11/19/81 | 12/31/81 | ″ |
| 2704-1-003181 | 496644 | 10/23/81 | 11/19/81 | 11/18/83 | ″ |
| 2704-1-003182 | 496940 | 10/23/81 | 11/19/81 | 11/18/83 | ″ |
| 2704-1-003301 | 497201 | 11/20/81 | 12/4/81 | 12/9/83 | ″ |
| ** 2704-1-003321 | 497201 | 11/20/81 | 12/7/81 | 12/9/83 | ″ |

| Protest No. | Entry No. | Liq. | Protest Filed | Protest Denied | Summons Filed |
|---|---|---|---|---|---|
| 2704–1–003302 | 496988 | 11/20/81 | 12/4/81 | 12/9/83 | 7/2/85 |
| 2704–1–003303 | 496787 | 11/20/81 | 12/4/81 | 12/9/83 | " |
| 2704–1–003304 | 497230 | 11/20/81 | 12/4/81 | 12/9/83 | " |
| 2704–1–003322 | 497173 | 11/20/81 | 12/7/81 | 12/9/83 | " |
| 2704–1–003323 | 496958 | 11/20/81 | 12/7/81 | 12/9/83 | " |
| 2704–1–003324 | 496771 | 11/20/81 | 12/7/81 | 12/9/83 | " |
| 2704–2–000170 | 496845 | 11/20/81 | 1/25/82 | 1/20/84 | " |
| 2704–2–000332 | 496615 | 11/20/81 | 2/3/82 | 2/3/84 | " |
| 2704–2–002026 | 497112 | 5/21/82 | 6/14/82 | 6/8/84 | " |
| 2704–2–002029 | 420470 | 5/21/82 | 6/14/82 | 6/8/84 | " |
| 2704–2–002030 | 497841 | 5/21/82 | 6/14/82 | 6/8/84 | " |
| 2704–2–002696 | 496684 | 7/2/82 | 8/2/82 | 8/3/84 | " |
| 2704–2–003717 | 496748 | 8/20/82 | 10/25/82 | 5/13/83 | " |
| 2704–3–001111 | 496824 | 1/28/83 | 4/4/83 | 9/30/83 | " |

** Dual protest.