POPE PRODUCTS, DIV. OF PUREX, PLAINTIFF *v*.
UNITED STATES, DEFENDANT

Court No. 89-05-00254

(Dated September 18, 1991)

*Fitch, King & Caffentzis (Peter J. Fitch)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Barbara M. Epstein)* United States Department of Justice, Civil Division, Commercial Litigation Branch; *Deborah Rand,* Assistant Regional Counsel, United States Customs Service, of counsel, for defendant.

### OPINION

RESTANI, *Judge:* Pursuant to the instructions contained in this court's opinion in *Pope Products, Division of Purex v. United States,* 15 CIT 279, Slip Op. 91-50 (June 18, 1991) *(Pope),* the parties in this case have filed supplemental briefs concerning jurisdiction under 28 U.S.C. § 1581(i) and the statute of limitations set forth in 28 U.S.C. § 2636(h). For the reasons provided herein, the court finds that although residual subject matter jurisdiction over this type of action may exist, plaintiff's case is barred for statute of limitations reasons. Accordingly, defendant's motion to dismiss is hereby granted.

### BACKGROUND

The factual background for this case is set forth in detail in this court's earlier opinion. For the purposes of this opinion, the court notes that plaintiff, Pope Products, Division of Purex ("Pope"), seeks to recover $35,973.36 paid to the Customs Service ("Customs") under a liquidated damages case. On April 21, 1982, Customs issued a notice and demand for liquidated damages to Pope. Opting for administrative review of its claims, Pope filed a petition for mitigation and then a supplemental petition for mitigation. After both petitions were rejected, Pope voluntarily elected to file with Customs a second supplemental petition for mitigation, dated September 8, 1986. Pope tendered the monies sought with the second supplemental petition, pursuant to 19 C.F.R. § 172.33(c)(1). The petition was denied by Customs on December 16, 1987.

Plaintiff instituted this action on May 10, 1989. The government moved to dismiss for want of jurisdiction alleging that only 28 U.S.C. § 1581(a) (denial of protest jurisdiction) was applicable and that it was not invoked properly. The court found that plaintiff could have protested neither the notice of the assessment of liquidated damages and the demand for payment, nor Customs' denial of any of its petitions for mitigation. Accordingly, the court found no jurisdiction under 28 U.S.C. § 1581(a). *Pope,* Slip Op. at 2, 7–15. The court, recognizing the possibility that jurisdiction might exist under 28 U.S.C. § 1581(i), requested the parties to brief this matter in greater detail. *Id.* at 18.

ANALYSIS

Section 1581(i) of Title 28, United States Code, provides for jurisdiction, in part, as follows:

> In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section * * * the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for
>
> > (1) revenue from imports or tonnage;
> > (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
> > (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
> > (4) administration and enforcement with respect to matters referred to in paragraphs (1)–(3) of this subsection and subjections (a)–(h) of this section.

28 U.S.C. § 1581(i) (1988).

Plaintiff argues that since the case at bar involves merchandise considered by Customs to have been restricted, and involves the interpretation of a customs bond, § 1581(i)(4) jurisdiction exists under any one of three possibilities. Plaintiff argues that the case involves the administration and enforcement with respect to laws involving: (1) "restricted merchandise, entry requirements * * * or similar matters," thereby establishing jurisdiction under §§ 1581(h)[1] and 1581(i)(4); (2) "revenue from imports," thus meeting the requirements for jurisdiction under §§ 1581(i)(1) and 1581(i)(4); and, (3) "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than raising revenues," thereby establishing jurisdiction under §§ 1581(i)(2) and 1581(i)(4).

The action brought by Pope has at its core Customs' administration and enforcement of the laws dealing with importation of merchandise, specifically the laws governing entry of merchandise and liquidation of entries. These matters are the common grist of actions involving 28 U.S.C. § 1581(i)(4) as it relates to sections 1581(i)(1) and 1581(i)(2). In *National Bonded Warehouse, Ass'n, Inc. v. United States*, 13 CIT 78, 706 F. Supp. 904 (1989), the court found jurisdiction under § 1581(i)(4) because the issuance of annual warehouse fees involved "import matters," but not matters which were protestable. 13 CIT at 81, 706 F. Supp. at 907–08. In *Old Republic Ins. Co. v. United States*, 10 CIT 589, 645 F. Supp. 943 (1986), the court found jurisdiction under sections

---

[1] Section 1581(h) of Title 28 provides:

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

28 U.S.C. § 1581(h) (1988).

1581(i) (1) and 1581(i)(2) because "[t]he thrust of plaintiff's complaint is a challenge to the collection of duties from a surety on an entry in a situation which calls for the proper application of a Customs regulation." 10 CIT at 598, 645 F. Supp. at 952. Like *Old Republic*, this case is rooted in import matters and involves the interpretation of statutes and customs regulations relating to customs bonds, entry of merchandise and liquidation of entries, areas totally within this court's Congressionally-delegated field of expertise.[2] Although residual jurisdiction appears likely, the statute's wording is not particularly clear.[3] The court, therefore, chooses to leave this issue unresolved and to assume that 28 U.S.C. § 1581(i)(4) applies. This leads to the statute of limitations issue.

Pursuant to 28 U.S.C. § 2636(h), an action which is brought under § 1581(i) is barred unless brought "within two years after the cause of action first accrues." The summons in this case was filed on May 10, 1989. Plaintiff argues that the reviewable act is the assessment of the liquidated damages (April 21, 1982). Plaintiff contends, however, that the present cause of action "did not become ripe for adjudication until such time as the administrative agency rendered its final decision." Plaintiff's Supplemental Brief at 9. In other words, plaintiff believes that running of the time for filing suit should be tolled until rejection of the second supplemental petition for mitigation on December 16, 1987. Defendant counters with the argument that the cause of action accrued with the initial assessment — the notice of liquidated damages — and may not be tolled because the second supplemental petition was an optional procedure.

The parties appear to agree that the decision as to mitigation is non-reviewable. The correctness of the underlying assessment, and not the discretionary mitigation decision, is the crux of the dispute. Plaintiff's cause of action first accrued either at the date the assessment of liquidated damages was received or, at the very latest, when payment was made. *See Old Republic*, 645 F. Supp. at 952–53 (claim for reimbursement based on breach of contract accrued when payment made). Plaintiff paid the money owed on September 8, 1986, more than two years prior to the filing of this suit. Thus, it is unnecessary to choose between these events. Some other event must commence the running of the time for filing suit or plaintiff's action must be dismissed.

As indicated, plaintiff argues that the running of the statute of limitations should be tolled. This argument is without support in the statute. Plaintiff cites *Old Republic*, 645 F. Supp. 943, as support for the proposition that the agency action does not become final, and thereby "ripe for adjudication," until the importer has no further administrative re-

---

[2] *K Mart Corp. v. Cartier, Inc., et al*, 485 U.S. 176 (1988) is distinguishable from this case. As this court has previously indicated, *K Mart* does not contain any language which would indicate that § 1581(i)(4) is narrower than it reads. *See National Customs Brokers and Forwarders Ass'n of America v. United States*, 13 CIT 803, 806, 723 F. Supp. 1511, 1514 (1989) (citing *Sharp Electronics Corp. v. United States*, 13 CIT 732, Slip Op. 89–129 (Sept. 13, 1989)). The instant case does not involve interpretation of laws, such as the trademark statutes involved in *K Mart*, over which district courts traditionally have had jurisdiction.

[3] It is clear that had plaintiff waited to be sued, this court would have had jurisdiction. *See Pope*, Slip Op. at 14 n.9 and accompanying text.

course. Such reliance is misplaced. In *Old Republic*, the surety attempted to perfect jurisdiction under 28 U.S.C. § 1581(a) by paying a claim for duties.[4] 28 U.S.C. § 1581(a) jurisdiction was not perfected, but the court found jurisdiction pursuant to 28 U.S.C. § 1581(i) over an alternative claim based on breach of the customs bond contract. As 28 U.S.C. § 1581(a) jurisdiction was never available here, the protest procedure to which plaintiff refers was never a relevant event.

Under certain circumstances, courts will toll the statute of limitations. *See Farrell Lines, Inc. v. United States*, 69 C.C.P.A. 1, 6, 657 F.2d 1214, 1218 (1981) (statute of limitations tolled where plaintiff failed to file timely protest because both plaintiff and Customs were confused as to the proper procedures for administrative review); *see also Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S. Ct. 453 (1990). In *Irwin*, the Supreme Court found no equitable tolling, and stated that equitable tolling is normally available only where plaintiff is induced by his adversary's misconduct into missing the filing deadline or a defective pleading is filed during the statutory time period. 498 U.S. at ___, 111 S. Ct. at 457–58. In *Wally Packaging Inc. v. United States*, 7 CIT 19, 578 F. Supp. 1408 (1984), in finding no tolling, the court stated that the statute of limitations may be tolled where administrative actions effectively prevent a plaintiff from filing a timely summons and tolling is consistent with the legislative purpose of the statute of limitations. 7 CIT at 22, 578 F. Supp. at 1411.

Assuming, *arguendo*, that the running of the statutory time limit may be tolled during certain types of administrative review proceedings, it is determinative that the final administrative petition in this case was a nonreviewable supplemental petition for mitigation and that judicial review was available prior to completion of this administrative step. If Congress had intended such optional procedures to toll the time for statute of limitations purposes, it would have stated so expressly. Tolling of the statutory time period simply because a voluntary mitigation petition is under consideration would be inconsistent with the statutory language and would defeat the purpose of the statute of limitations, that is, prompt resolution of these matters. All the facts and proceedings necessary to judicial review were in place long before the last mitigation decision was made. The government did nothing to prevent the filing of a complaint. Moreover, nothing else induces this court to find that tolling applies in this case. All of the administrative actions occurred more than two years prior to commencement of this action, with the exception of the denial of the second supplemental petition for mitigation. Even if plaintiff was under the impression that the earlier proceedings warranted tolling, such proceedings concluded at too early a date to aid plaintiff.

---

[4] The court in *Old Republic* noted "[w]hen its protest was denied * * *, plaintiff had to pay the demanded amount in order to bring an action under section 1581(a)." 645 F. Supp. at 952.

CONCLUSION

This cause of action accrued more than two years prior to the commencement of this suit. The two year statute of limitations contained in 28 U.S.C. § 2636(h) bars the action. As discussed, tolling of the statutory time period is not warranted. Accordingly, this case is dismissed as untimely.