**UNITED STATES, Plaintiff,**

v.

**Carl ROSS, Individually, and The Ross Glove Company, Defendants.**

**Court No. 83–3–00440.**

United States Court of International Trade.

Nov. 28, 1983.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Lit. Branch, Civ. Div., A. David Lafer, on the motion, Washington, D.C. (Kathleen A. Bucholtz, Asst. Regional Counsel, U.S. Customs Service, Washington, D.C., of counsel, on the memorandum), for plaintiff.

Law Offices Treumann, Walter Treumann, on the motion, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

CARMAN, Judge:

Plaintiff seeks to enforce a claim for penalties and duties concerning certain merchandise imported by defendants in 1978, asserting that false entry documents were filed by defendants resulting in an undervaluation of $304,611.78.

The United States Customs Service (Customs), pursuant to 19 U.S.C. § 1592 (1982) and the applicable regulations, issued on February 24, 1983 a prepenalty notice to defendants who duly responded. Customs issued thereafter on March 11, 1983 a penalty claim notice which indicated that any petition for mitigation or remission would have to be filed within 7 days of the date of the penalty claim notice. Defendants objected, contending 7 days was too short a time and did not file a petition for mitigation or remission. Plaintiff commenced this action. Defendants move to dismiss for want of subject matter jurisdiction, lack of due process, and on estoppel grounds.

Initially, the court must address the question of subject matter jurisdiction. The defendants contend they were not given adequate notice regarding the penalty claim, and that, therefore, the plaintiff was not entitled to proceed with court action. The plaintiff contends that notice was given under 19 C.F.R. § 162.32(a) (1983), thus enabling the court to maintain jurisdiction. For the reasons that follow, the court holds that it does have subject matter jurisdiction in this case.

Preliminarily, the plaintiff notes that Count IV of the amended complaint seeks only to collect the duties lawfully owed and not fines or penalties. Therefore, the plaintiff contends that defendants' arguments are irrelevant in regard to Count IV.

█ Defendants' position seems to assume that because the statutory provision enabling the United States to collect duties[1] is contained within the same sec-

---

1. The United States seeks to enforce its duty claim pursuant to 19 U.S.C. § 1592(d) (1982), which reads in part:

   [I]f the United States has been deprived of lawful duties as a result of a violation of subsection (a) of this section, the appropriate customs officer shall require that such lawful

   duties be restored, whether or not a monetary penalty is assessed.

   Id. This subsection was added by the Customs Procedural Reform and Simplification Act of 1978, Pub.L. No. 95–410, § 110(a), 92 Stat. 888, 896, in order to remedy the problems relating to the finality of liquidations. The United States,

tion that outlines the penalty assessment procedures that those procedures are applicable to a duty claim brought by the United States. Any such assumption clearly is in error.

Section 1592(d), taken at face-value, demonstrates that the United States need not follow the elaborate penalty procedures when pursuing a duty claim. Subsections (b) and (c) of § 1592 are cast in such terms as "monetary penalty" or "penalty claim." Subsection (d) alone deals with "lawful duties" and makes no reference to the preceding matters.[2] Such was the understanding of the Customs Service and is reflected in the implementing regulations. *See* 19 C.F.R. §§ 162.79, .79(b) (1983).

Section 162.79(b) simply states that such lawful duties are to be restored within 30 days of the written notice, and that application may be made to the Commissioner of Customs for review. Thus, the provisions concerning the prepenalty notice, penalty notice, etc., do not apply when the United States is seeking restoration of lawful duties. The government fulfilled its obligation in this respect by the March 16, 1983 letter from the District Director to the defendant. *See* Defendants' Exhibit 5. Since

the defendant has not as yet deposited the requested duties, pursuant to a proper and lawful demand, the court has jurisdiction to entertain Count IV of the amended complaint.

The remaining counts seek the imposition of fines and/or penalties for violations of the Customs laws. The defendants maintain that contrary to statutory and due process standards, no reasonable opportunity to respond to the penalty notice was given, thus depriving the court of subject matter jurisdiction.

Section 1592(b)(2) specifies that a person against whom a penalty claim has been issued "shall have a reasonable opportunity * * * [to seek] remission or mitigation of the monetary penalty." 19 U.S.C. § 1592(b)(2) (1982).[3] It is the defendants' position that in giving 7 days to respond to the penalty claim, Customs violated this section and deprived them of due process.

In allowing only 7 days to file a petition for mitigation, Customs was acting pursuant to 19 C.F.R. § 162.32(a) (1983).[4] This regulation was promulgated in response to changes in the customs laws brought about by the Customs Procedural Reform and

pursuant to § 1592(d), may seek the restoration of duties even though a particular entry and liquidation have become final within the meaning of 19 U.S.C. § 1514(a) (1982).

**2.** The legislative history of section 1592(d) demonstrates that a duty claim brought by the United States is insulated from the extensive penalty procedures given in section 1592(b). Materials attending the passage of the Customs Procedural Reform and Simplification Act of 1978 clearly show that Congress' concern with procedural reform was relative to the penalty and fraud provisions only, not the collection of lost duties. *See* S.Rep. No. 778, 95th Cong., 2d Sess. 18–22 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad. News 2211, 2230–32; H.R.Rep. No. 621, 95th Cong., 1st Sess. 2, 16 (1978).

**3.** A two-stage administrative procedure is contemplated by section 1592 in connection with penalty assessment. First, if a Customs officer has reasonable cause to believe a violation of the section 1592(a) prohibition has occurred, he is directed by the statute to issue a prepenalty notice. *See* 19 U.S.C. § 1592(b)(1)(A) (1982). Then, after due consideration of any representations the alleged violator may have made in

response to the notice, the officer is directed to arrive at a determination as to the penalty or fine. In the event the officer finds that there was a violation of section 1592(a), he must issue a penalty notice, in writing, to the party concerned. The alleged violator must, according to the statute, be given a reasonable opportunity in which to file a petition for remission or mitigation. After these representations are heard and evaluated, the officer arrives at a final determination.

**4.** 19 C.F.R. § 162.32(a) (1983) provides in part:
*Fines, penalties, and forfeitures.*
If any person who is liable for a fine, penalty, or claim for a monetary amount, or who has an interest in property subject to forfeiture, fails to petition for relief under Part 171 of this chapter, or fails to pay or to arrange to pay the fine or penalty within 60 days from the mailing date of the violation notice provided in § 152.31 * * *, and fewer than 180 days remain from the date of the penalty notice before the statute of limitations may be asserted as a defense, the district director may specify in the notice a reasonable period of time shorter than 60 days, but not less than 7 days, for the filing of a petition for relief.

Simplification Act of 1978. Among other changes, the 1978 Act shortened the statute of limitations in cases of negligent and grossly negligent violations of the customs laws.[5] Thus, sections 162.32 and 162.78 of 19 C.F.R. authorizes the reduction of the period to respond to a prepenalty and penalty notice to not less than 7 days in cases where the statute of limitations is in danger of running out.

■■■ Defendants' contention that 19 C.F.R. § 162.32(a) (1983) abridges their statutory right to a "reasonable opportunity" to respond is without merit. The Secretary is authorized to make "regulations as may be necessary to carry out the provision of this chapter." 19 U.S.C. § 1624 (1982). Further, the administering agency is to be accorded "great deference" by the courts in determining whether a regulation conforms to the statutory mandate. *See, e.g., Forester v. Consumer Product Safety Commission,* 559 F.2d 774, 783 (D.C.Cir. 1977). There is no doubt that Customs was sensitive to the concerns of the importing public when it promulgated section 162.-32(a).[6] After weighing the competing interests issue, Customs deemed 7 days to be a "reasonable period."

In addition, defendants have offered no identifiable evidence substantiating their assertion that 7 days is unreasonably burdensome. The regulations are exceedingly general as to the preparation and contents of a petition for mitigation. *See* 19 C.F.R. § 171.11(c)(3) (1983). Compliance within 7 days cannot be said to be an unreasonable burden.

■ With regard to the constitutional argument, the discussion above a fortiori establishes the validity of the agency action under due process analysis. The regulation in question is reasonable and defendants were given the opportunity to exercise their rights under it. No due process in the substantive or procedural sense was withheld here.

■ Alternatively, defendants argue that section 162.32(a) should not be given effect because it is contradictory to 19 C.F.R. § 171.12(b) (1983). The latter provision reads:

> *When filed.* Petitions for relief shall be filed within 60 days from the date of the mailing of the notice of fine, penalty, or forfeiture incurred, unless additional time has been authorized as provided in § 162.32(a) of this chapter.

*Id.* Defendants maintain that the 60 days allowable pursuant to 171.12(b) is contradictory to the 7 days permissible under 162.32(a) and that they should be given the benefit of the more favorable regulation.

---

5. Public law 95–410, the Customs Procedural Reform and Simplification Act of 1978, altered the method for calculating the accrual of the statute of limitations. Prior to the amendment, Customs had 5 years from the discovery of a violation to commence an action. This 5-year period applied irrespective of the level of culpability involved in the alleged violation. Section 110(e) of public law 95–410, however, created distinctions among these levels of culpability (fraud, gross negligence, and negligence) relative to the severity of penalties as well as the accrual of the statute of limitations. The accrual for alleged violations based on fraud remained the same; namely, 5 years from discovery. But, with respect to alleged violations based on negligence or gross negligence, the accrual date was changed to the date upon which the alleged violation was committed. This change, in effect, shortened the period of limitations in negligence and gross negligence cases. *See* 19 U.S.C. § 1621 (1982).

6. [Commenters] contended that when a shorter time period is required because less than 1 year remains before the statute of limitations may be asserted as a defense (section 162.78), the shorter period should not be less than 14 days, rather than 7 days, and the date on which any shorter period shall commence should be the date on which the notice was received by the person, rather than the date on which the notice was mailed by Customs.

\* \* \* \* \* \*

In cases where less than 1 year remains before the statute of limitations may be asserted, the 7-day period is a minimal time for response, and a district director may provide a longer period if the delay will not prejudice the Government's ability to enforce the claim.

Customs considers it essential to the enforcement of this provision that the period for response commence with the mailing of the notice.

T.D. 79–160, 13 Cust.B. 398, 406–07 (1979); *see id.* at 409.

The two provisions, however, are complementary. The 60-day provision is of general application to those proceedings commenced before the effective date of the amendments of the 1978 Act. Section 162.-32(a), on the other hand, deals with the exceptional situation where the statute of limitations is involved and more rapid administrative procedures are appropriate. The provisions, therefore, cover two clearly distinguishable situations.

The defendant next asserts that section 162.32(a) is "deeply buried in an inappropriate part of the regulations." Defendants' Memorandum in Support, at 12. This argument lacks merit for several reasons. The passage of the 1978 Act impelled Customs to promulgate a new set of regulations. It was necessary, therefore, at least for a time, to have two sets of regulations in operation. *See* 43 Fed.Reg. 53,453 (1978). Further, section 171.12(b) makes specific reference to section 162.32.[7]

In sum, the notice given to the defendants was reasonable and in conformity with the applicable statute. Since no petition for remission or mitigation was filed within the 7 days, the plaintiff was entitled to file suit. The court has subject matter jurisdiction over the penalty-seeking counts in the amended complaint.

The defendants urge next that plaintiff should be estopped from limiting defendants' time to petition for mitigation to only 7 days pursuant to section 162.32(a) because of events that allegedly occurred on March 14, 1983. Defendants maintain that through counsel they phoned the Regional Counsel's office of Customs and received incomplete information concerning the time limit of only 7 days to petition for mitigation. Defendants assert that they relied upon incomplete information and wrote to Customs asking for more time. Defendants assert, based upon these events, that

plaintiff should be estopped from insisting upon the 7-day time period pursuant to section 162.32(a).

Even if the facts were as defendants allege, estoppel will not lie in a case such as this. To work an estoppel on the government, mere erroneous responses to oral inquiries are insufficient. *Schweiker v. Hansen*, 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685 (1981) (per curiam); *see Cheers v. Secretary of Health, Education & Welfare*, 610 F.2d 463, 469 (7th Cir.1979), *cert. denied*, 449 U.S. 898, 101 S.Ct. 266, 66 L.Ed.2d 128 (1980). Accordingly, the defendants' estoppel argument is without merit.

Lastly, defendant requests that the court deem counsel's letter of March 18, 1983 to the acting district director a petition for mitigation. Such a request offends logic in that the letter states, "We regret that we cannot in the time allotted to us respond to the Penalty Notice except to advise you that Carl Ross and Ross Glove Company neither violated the law nor committed false or fraudulent acts of [sic] omissions." Defendants' Exhibit 6, at 1. The letter goes on to cite section 171.12 and requests that 60 days be given to respond.

The letter reflects none of the contents that section 171.11 specifies for petitions of this kind. It cannot be fairly said that the letter asks for anything more than an extension of time.

For the reasons outlined above, the defendants' motion to dismiss is denied in all respects.

---

7. Nor is defendant's argument persuasive that the headnotes are misleading. As Judge Maletz has written, "[S]ection headings to statutory provisions are not generally delimiting." *United States v. Murray*, 5 CIT ——, 561 F.Supp. 448, at 456 (1983).