**Slip Op. 01-21**

**UNITED STATES COURT OF INTERNATIONAL TRADE**


**BEFORE:  RICHARD K. EATON, JUDGE**

| | | |
|---|---|---|
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Court No. 99-08-00517** |
| | : | |
| **ACTION PRODUCTS INTERNATIONAL,** | : | |
| **INC.; and G HOME HANDICRAFT CO., LTD.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |


United States ("Government") brought action on behalf of United States Customs Service against domestic importer and foreign exporter under 19 U.S.C. § 1592 (1994) for recovery of unpaid duties and penalties.  Domestic importer moved to dismiss pursuant to:  (1) USCIT R. 12(b)(5) for failure to state a claim upon which relief can be granted; and (2) USCIT R. 12(b)(6) for failure to join an indispensable party.  The Court of International Trade, Eaton, J., held:  (1) Government properly stated a claim upon which relief could be granted pursuant to 19 U.S.C. § 1592(a)(1)(A); (2) Government failed to state a claim upon which relief could be granted pursuant to 19 U.S.C. § 1592(a)(1)(B); and (3) Government did not fail to join an indispensable party.

[Defendant's motion to dismiss granted, in part, and denied, in part.]

Dated:  February 27, 2001

*Stuart E. Schiffer*, Deputy Assistant Attorney General; *David M. Cohen*, Director, Department of Justice; *A. David Lafer*, Senior Trial Counsel, Department of Justice; *James H. Holl, III*, Trial Attorney, Civil Division, Commercial Litigation Branch, Department of Justice, for Plaintiff.

*Peter S. Herrick*, for Defendant Action Products International, Inc.

**MEMORANDUM OPINION AND ORDER**

**EATON, JUDGE**:  Before the Court is Action Products International, Inc.'s

("Defendant") motion to dismiss pursuant to:  (1) USCIT R. 12(b)(5) for failure to state a claim

upon which relief can be granted; and (2) USCIT R. 12(b)(6) for failure to join an indispensable

party.  For the reasons set forth below, Defendant's motion is granted, in part, and denied, in

part.

**BACKGROUND**

The United States of America ("Government"), on behalf of the United States Customs

Service ("Customs"), commenced this action against Defendant and G Home Handicraft Co.,

Ltd. ("G Home") pursuant to 19 U.S.C. § 1592 (1994) for recovery of unpaid duties and

penalties.  Defendant is a Florida corporation that imports embroidered patches.  At issue are

patches manufactured by G Home in Taiwan and shipped to UPS Customhouse Brokerage

("UPS") at various ports of entry in the United States.  (Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss

at 2.)  UPS was the importer of record and Defendant the ultimate consignee.  (Def.'s Mem.

Supp. Mot. Dismiss at 2; Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss at 2.)

On June 22, 1998, Customs, after conducting an investigation of Defendant's billing

invoices and other papers connected to the entry of the subject merchandise, issued a pre-penalty

notice to Defendant.  (Pl.'s Ex. A.)  The pre-penalty notice informed Defendant of its culpability

level—gross negligence—as well as the amounts of the "duty demand" and proposed penalty

assessment.  (Id.)  On September 8, 1998, Customs issued a penalty notice retaining Defendant's

level of culpability, and maintaining the amounts of the duty demand and penalty.  (Id.)  On January 5, 1999, Defendant filed a petition for relief requesting Customs to review both its computation of revenue loss and its determination as to the level of culpability set forth in the penalty notice.  (Id.)

On March 25, 1999, Customs issued a decision letter in response to Defendant's petition. The decision letter kept the loss of revenue computation, but changed Defendant's level of culpability to negligence.  (Id.)  The decision letter directed Defendant to make payment within seven days, but provided for an extension of time if Defendant agreed to a two-year waiver of the statute of limitations.  (Id.)  Eight days later, on April 2, 1999, Defendant submitted a request for an extension of time within which to file a supplemental petition for relief, and specifically declined to waive the statute of limitations.  (Pl.'s Ex. B.)  On April 7, 1999, Defendant filed a supplemental petition contesting Customs' decision of March 25, 1999.  (Pl.'s Ex. C.)  On April 12, 1999, Customs denied Defendant's request for an extension of time, and stated that it would not consider Defendant's supplemental petition since it was filed beyond the seven-day period set forth in the decision letter.  (Pl.'s Ex. D.)

Thereafter, the Government commenced this action for recovery of unpaid duties and penalties pursuant to 19 U.S.C. § 1592.  The Government alleges that Defendant is liable for either the negligent or grossly negligent entry of merchandise into the United States, or,

alternatively, for negligent or grossly negligent aiding and abetting the entry of merchandise into the United States.[1]

## DISCUSSION

Defendant raises two defenses in its motion to dismiss. First, Defendant argues that, pursuant to USCIT R. 12(b)(5), the Government's complaint fails to state a claim upon which relief can be granted. In support of this defense, Defendant asserts that it cannot be held liable because: (1) it is not the importer of record; (2) Customs failed to follow administrative procedures; and (3) negligent aiding and abetting is a legal impossibility.

Second, Defendant argues that dismissal is warranted pursuant to USCIT R. 12(b)(6) because the Government failed to include UPS as an indispensable party under USCIT R. 19. In support of this defense, Defendant claims that: (1) non-joinder of UPS will subject Defendant to double, multiple, or otherwise inconsistent obligations; (2) neither the Government nor Defendant will be able to meet its burden of proof without the joinder of UPS; and (3) the Government failed to identify UPS as an indispensable party.

While the Court finds that Defendant's argument regarding negligent aiding and abetting is supported by case law, Defendant's motion, in all other respects, is denied.

---

[1] The Court notes that the Complaint does not strictly conform to USCIT R. 10(b), in that each claim has not been pled in a separate paragraph. However, Defendant, by briefing the matter of negligent aiding and abetting in its memorandum in support of its motion to dismiss, demonstrates that it has been given sufficient notice of this matter for the Court to address the issue.

I. **The Government's Alleged Failure to State a Claim Upon Which Relief Can Be Granted Under 19 U.S.C. § 1592(a)**

A. **The Complaint Properly States a Claim Under 19 U.S.C. § 1592(a)(1)(A)**

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take all well-pled factual allegations as true and construe them in favor of the non-moving party. See United States v. Ferro Union, Inc., 24 CIT __, __, Slip Op. 00-100, at 2 (August 16, 2000). The court's determination is based on, and limited to, "the facts stated on the face of the complaint, documents appended to the complaint, and documents incorporated in the complaint by reference." Kemet Elecs. Corp. v. Barshefsky, 21 CIT 912, 929, 976 F. Supp. 1012, 1027 (1997) (citing Fabrene, Inc. v. United States, 17 CIT 911, 913 (1993)).

Here, the Complaint alleges a set of facts which, if proven, sufficiently state a claim upon which relief can be granted. First, the Court's jurisdiction is adequately stated. (Compl. ¶ 2.) Next, the Complaint alleges that Defendant entered merchandise into the United States by means of documents or statements which were materially false or misleading. (Compl. ¶¶ 5–8.) Finally, it is alleged that the government was deprived of lawful duties through Defendant's grossly negligent or negligent actions. (Compl. ¶¶14, 17.) Taking, as true, these factual allegations, along with the Government's demand for judgment (Comp. ¶ 33), the Complaint sufficiently sets forth a claim upon which relief can be granted under 19 U.S.C. § 1592(a)(1)(A). Moreover, the Court rejects Defendant's related contentions that it cannot be held liable because it is not the importer of record or because Customs allegedly failed to follow administrative procedures.

**1.      Section 1592(a)(1) Is Not Limited to Importers of Record**

Defendant's contention that it cannot be held liable for a violation of 19 U.S.C. § 1592 because it is not the importer of record is supported by neither the statute nor case law.  Section 1592 provides that any "person" may be held liable for fraudulent, grossly negligent, or negligent entry or introduction of goods into the United States.  See 19 U.S.C. § 1592(a)(1).  That this statutory language is clear is supported by case law.  See United States v. Golden Ship Trading, 22 CIT __, Slip Op. 98-138 (September 25, 1998) ("Golden Ship I"); cf. United States v. Golden Ship Trading, 25 CIT __, __, Slip Op. 01-07, at 11 (January 24, 2001) ("Golden Ship II") (citing definition of negligence set forth in 19 C.F.R. § 171 App. B (1992)).  In Golden Ship I, an action was brought against several defendants for recovery of duties and penalties owed as a result of misrepresentation of the country of origin for entries of clothing.  Golden Ship I, 22 CIT at __, Slip Op. 98-138, at 1.  One of the defendants argued that she could not be held liable because she was not the "importer" of the subject merchandise.  Golden Ship I, 22 CIT at __, Slip Op. 98-138, at 5.  The court rejected this argument, holding that an individual "who violates [19 U.S.C. § 1592] is always liable whether or not the importer of record."  Golden Ship I, 22 CIT at __, Slip Op. 98-138, at 6.  The court based its holding on the statute's use of the word "person" to describe potential violators who may be held liable.  Golden Ship I, 22 CIT at __, Slip Op. 98-138, at 5 ("The plain language of the statute itself, which uses the term 'person' rather than 'importer,' refutes [this] contention.").

The legislative history of the statute also supports the proposition that a person, other than the importer of record, may be held liable for a violation of 19 U.S.C. § 1592.  Before the

present version of the statute was revised by the Customs Procedural Reform and Simplification

Act of 1978, the language of 19 U.S.C. § 1592, in addition to the word "person," listed specific

potential violators who could be held liable for filing a false invoice. See United States v.

Appendagez, Inc., 5 CIT 74, 80, 560 F. Supp. 50, 55 (1983). This list included "any consignor,

seller, owner, importer, consignee, agent or other person or persons." Appendagez, 5 CIT at 80,

560 F. Supp. at 55 (citing 19 U.S.C. § 1592 (1976)). The retention of the word "person" in the

subsequent revision and the elimination of the list of potential violators was not, however,

intended to have a limiting effect. Indeed, the drafters of the 1978 revisions intended the word

"person" to encompass all of the potential violators listed in the prior version. See H.R. Rep.

No. 95-621, at 12 ("The scope of persons potentially affected under this [new] subsection has

been derived from the existing language of section 592."); see also Appendagez, 5 CIT at 80, 560

F. Supp. at 55.

Here, it is undisputed that Defendant was the consignee of the subject merchandise.

Thus, the Court concludes that Defendant is a "person" within the meaning of the statute and

may, therefore, be held liable under 19 U.S.C. § 1592.

### 2.      Customs Properly Followed Administrative Procedures

Subsection 1592(b) lays out the statutory framework Customs must follow in connection

with a civil penalty assessment. This court has described this framework as follows:

> A two-stage administrative procedure is contemplated by section 1592 in
> connection with penalty assessment. First, if a Customs officer has reasonable
> cause to believe a violation of the section 1592(a) prohibition has occurred, he is
> directed by the statute to issue a prepenalty notice. Then, after due consideration

of any representations the alleged violator may have made in response to the notice, the officer is directed to arrive at a determination as to the penalty or fine. In the event the officer finds that there was a violation of section 1592(a), he must issue a penalty notice, in writing, to the party concerned. The alleged violator must, according to the statute, be given a reasonable opportunity in which to file a petition for remission or mitigation. After these representations are heard and evaluated, the officer arrives at a final determination.

United States v. Ross, 6 CIT 270, 272 n.3, 574 F. Supp. 1067, 1069 n.3 (1983) (citation omitted);

see also 19 U.S.C. § 1592(b)(1). Thus, by statute, a petitioner must have a reasonable

opportunity to respond to both pre-penalty and penalty notices. Here, the Complaint alleges that

both the pre-penalty and penalty notices were issued (Compl. ¶ 10), and Defendant does not

contend that it was denied a reasonable opportunity to respond. Instead, the essence of

Defendant's argument is that it was not afforded a reasonable opportunity to file a supplemental

petition in response to Customs' final decision letter. This argument fails, as Customs properly

followed its administrative regulations.

Section 171.33 of Title 19 of the Code of Federal Regulations sets forth the procedure for

filing supplemental petitions. This regulation provides:

> (a) **time and place of filing**. If the petitioner is not satisfied with a decision of the Fines, Penalty, and Forfeiture Officer or the Commissioner of Customs, a supplemental petition may be filed . . . . Such a petition shall be filed either:
>
> > (1) within 30 days from the date of notice to the petitioner of the decision from which further relief is requested if no effective period is prescribed in the decision; or
> >
> > (2) within the time prescribed in the decision from which further relief is requested as the effective period of the decision.

19 C.F.R. § 171.33 (1998). In short, "[a] supplemental petition may be filed within either 30 days from the date of notice to the petitioner of the decision if no effective period is prescribed in the decision or the time prescribed in the decision." United States v. Rotek, Inc., 22 CIT __, __, Slip Op. 98-75, at 18–19 (June 9, 1998). Moreover, this court has held that "[a] shortened response period does not deprive a defendant of its statutory right to a 'reasonable opportunity' to be heard." Rotek, 22 CIT at __, Slip Op. 98-75, at 19 (citing Ross, 6 CIT at 273, 574 F. Supp. at 1070). Here, Customs' decision prescribed a seven-day period ending on April 1, 1999. All of Defendant's subsequent filings, including its request for an extension of time and its supplemental petition, fell outside of this period. Therefore, in declining to consider Defendant's supplemental petition, Customs properly followed its regulations and did not deprive Defendant of its procedural rights. Moreover, Defendant has produced no evidence suggesting that the prescription of a seven-day effective period under 19 C.F.R. § 171.33 is unreasonable. Therefore, Defendant's motion to dismiss on the grounds that Customs did not properly follow administrative procedures is denied.

### B. The Complaint Fails to State a Claim Under 19 U.S.C. § 1592(a)(1)(B)

Defendant's argument that it cannot be held liable for negligent or grossly negligent aiding and abetting under 19 U.S.C. § 1592(a)(1)(B) is supported by case law. Section 1592(a)(1) provides:

> (1) General rule. Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence, or negligence–
>
> > (A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of–

(i)  any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or

(ii)  any omission which is material, or

(B)  may aid or abet any other person to violate subparagraph (A).

19 U.S.C. § 1592. In <u>United States v. Hitachi America, Ltd.</u>, 172 F.3d 1319 (Fed. Cir. 1999), the Court of Appeals for the Federal Circuit held that a Japanese manufacturer of subway cars could not be liable for negligent aiding and abetting under 19 U.S.C. § 1592. <u>See</u> <u>id.</u> at 1336–38. The Federal Circuit based its holding on the principle that a claim of aiding and abetting requires knowledge or intent on the part of the offender. <u>Id.</u> at 1338. The Federal Circuit reasoned that a negligent offender could not legally aid and abet because the term "negligence" implies action without intent. <u>Id.</u>

> Although a literal reading of 19 U.S.C. § 1592(a) might at first blush suggest the possibility that a party can be found liable for negligently aiding or abetting negligence, any such interpretation would conflict with the generic requirement to show knowledge or intent to establish aiding or abetting liability and . . . is itself wholly without support and inconsistent with fundamental legal logic.

<u>Id.</u> This Court is bound by the Federal Circuit's holding. Thus, Defendant cannot be held liable for negligent aiding and abetting. Moreover, while <u>Hitachi</u> addresses only negligence, it appears clear that the holding requires that any claim of aiding and abetting be based on actual knowledge or intent. <u>See</u> <u>id.</u> at 1337–38. Consequently, gross negligence, which is grounded on reckless disregard or inattention to consequences rather than actual knowledge or intent, cannot be a basis for liability under the statute. Thus, Defendant cannot be held liable for grossly negligent aiding and abetting.

Therefore, as to this matter, the Complaint does not state a claim upon which relief can be granted, and Defendant's motion to dismiss is granted.

## II.    The Government's Alleged Failure to Join an Indispensable Party Under USCIT Rule 19

Rule 19 of this court provides that:

> A person shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest, or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

USCIT R. 19(a). Courts follow a two-step analysis when determining whether a party is indispensable. See Institut Pasteur v. Cambridge Biotech Corp. (In re Cambridge Biotech Corp.), 186 F.3d 1356, 1372 (Fed. Cir. 1999).

> The first step requires the court to inquire under Rule 19(a) whether the party should be joined if feasible, i.e., is the party "necessary." If the party is necessary . . . but it is not feasible to join that party, the court proceeds to step two, set forth in Rule 19(b).
>
> In step two, the court weighs four factors or "interests" listed in Rule 19(b) "to determine whether, in equity and good conscience, the court should proceed without a party whose absence is compelled."

Id. (citations omitted). The burden of establishing indispensability rests with the moving party. See Tilyou v. Carroll, 92 Civ. 0750, 1992 U.S. Dist. LEXIS 10204, at *14 (E.D.N.Y. June 30, 1992). If the moving party cannot meet the threshold standard set forth in subsection (a)—that a party is necessary to a proceeding—then the court need not proceed to the second step and

consider whether dismissal is required.  See Associated Dry Goods Corp. v. Towers Fin. Corp., 920 F.2d 1121, 1123 (2d Cir. 1990).

Defendant first argues that non-joinder of UPS will subject it to "double, multiple, or otherwise inconsistent obligations."  Courts interpret this language to mean "a double or otherwise inconsistent liability."  Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1312 (5th Cir. 1986) (citation omitted).  However, Defendant merely restates the language of Rule 19(a)(2)(B) without attempting to establish more.  Since Defendant posits no set of circumstances that could potentially give rise to the injury complained of, the Court finds that Defendant, as the moving party, has not satisfied its burden of persuasion.

Defendant next argues that neither it nor the Government will be able to meet its burden of proof without the joinder of UPS.  In support of this claim, Defendant cites 19 U.S.C. § 1592(e)(3)–(4).  Again, Defendant merely cites the statute without articulating how it applies to joinder, or how the parties will be unable to sustain their burdens of proof.  Nothing, of course, prevents Defendant from offering pertinent and competent evidence with respect to the activities of UPS at the appropriate time.  Therefore, the Court finds that Defendant, as the moving party, has not satisfied its burden of persuasion.

Finally, Defendant argues that the Government failed to identify UPS as a party to be joined under USCIT R. 19(c).  Rule 19(c) provides that "[a] pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision

(a)(1)–(2) of this rule who are not joined, and the reason why they are not joined." USCIT R.

19(c). Thus, an indispensable party that has not been joined in an action must be identified, and

reasons given for non-joinder. However, as previously discussed, UPS is not an indispensable

party that must be joined under Rule 19(a). Thus, there was no need for the Government to

identify it as such under Rule 19(c).

As Defendant has not satisfied its burden of persuasion as to any of these arguments, its

motion to dismiss for failure to join an indispensable party under USCIT R. 12(b)(6) is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss under USCIT R. 12(b)(5) for

failure to state a claim upon which relief can be granted pursuant to 19 U.S.C. § 1592(a)(1)(B) is

granted, and in all other respects Defendant's motion is denied.

## ORDER

Upon careful consideration of all of the pleadings and papers filed herein, and for all of

the foregoing reasons, it is hereby

**ORDERED** that Action Products International, Inc.'s motion to dismiss for failure to

state a claim upon which relief can be granted under 19 U.S.C. § 1592(a)(1)(B) is granted; and it

is further

 **ORDERED** that Action Products International, Inc.'s motion to dismiss is, in all other

respects, denied.

 

 

 

 _____

 Richard K. Eaton, Judge

Dated:  February 27, 2001
 New York, New York